IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ILIO ANDREUCCETTI, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 12-cv-10267 |
| ) | |
| ) | Judge: |
| ) | |
| UNITED AIR LINES, INC., ) | Magistrate Judge: |
| Defendant. ) | |
| ) | JURY DEMAND |
| ) | |
| ) | |
| ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, ILIO ANDREUCCETTI, by and through his attorney Renu Thamman, and complains of Defendant UNITED AIRLINES as follows:

**Nature Of Action**

1. This action is brought under the Americans with Disabilities Act and the Age Discrimination in Employment Act, alleging discrimination based on disability and age.

**Jurisdiction**

2. This court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C. Section 12117(a), 42 U.S.C. Section 2000E-5(f)(3), and 28 U.S.C. Section 1391, because the

1

employment practices involved in this dispute occurred in the Northern District of Illinois.

## Administrative Proceedings

4. Mr. Andreuccetti has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the American with Disabilities Act and the Age Discrimination in Employment Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. Has been performed or have otherwise occurred.

5. In particular, Mr. Andreuccetti filed a charge of discrimination with the Equal Employment Opportunity Commission on March 29, 2012 and within 300 days of the action complained of. Mr. Andreuccetti received his right to sue from the EEOC dated September 28, 2012. This lawsuit is timely filed within 90 days of receipt of that notice.

## Parties

6. The Plaintiff is Ilio Andreuccetti ("Mr. Andreuccetti"), a citizen of the United States who is domiciled in the state of Illinois.

7. Defendant, United Airlines, is a company that does business in Illinois, and which has a facility at 1200 East Algonquin Rd. Elk Grove Township, Illinois, at which Plaintiff was employed.

## Facts Commons To All Counts

8. From October 20, 1986 through June 17, 2010, Plaintiff was employed as a vehicle driver for Defendant.

9. Mr. Andreuccetti was employed at United Airline's location, 1200 East Algonquin Road Elk Grove Township, Illinois. He also spent approximately two and a half years at O'Hare Airport. This was continuous and faithful service to his employer.

10. On November 16, 2004, Plaintiff was injured on the job while performing his regular duties. He was rear ended while driving a company vehicle and this resulted in severe head, neck and shoulder injuries. He was diagnosed with occipital neuralgia.

11. The injuries from November 16, 2004 caused Mr. Andreuccetti to go on short-term and then long-term disability, and then Extended Illness Status.

12. The collective bargaining agreement provides the following regarding Extended Illness Status:

A. "An employee who exhausts his sick leave or who is off work because of illness or injury longer than sixteen (16) days without sick leave pay shall be placed on extended illness status up to a maximum of three (3) years from the first day placed on extended illness status.

D. At least sixty (60) days prior to the end of the employee's extended illness status the employee's condition shall be reviewed by the Company and further extensions in the period of extended illness status may be granted if circumstances warrant. Thirty (30) days before the end of the employee's extended illness status the Company shall notify the employee, the System General Chairman, and the Local Committee of its decision to extend the employee's extended illness status or to separate the employee."

13. United provided a 60 day notice on 3/24/10 that stated "the Company shall review your condition at least sixty days prior to the expiration of your Extended Illness Status," but Defendant never reviewed Plaintiff's health condition prior to his discharge on June 17, 2010.

14. Plaintiff's three-year Extended Illness status was set to expire on June 17, 2010.

15. Beginning on or about March 31, 2010, Mr. Andreuccetti (directly and through his union) verbally and in writing, began requesting that Defendant provide Plaintiff with a reasonable accommodation for his disabilities in order to return to work.

16. Plaintiff requested that his Extended Illness Status be extended for a short and reasonably time in order to allow him to have a Cryoprobe performed; to have United's choice of doctor implement a medical examination of Plaintiff to see what positions he could perform; and/or to enable him time to improve so he could return to work.

17. Plaintiff requested a six month extension of his Extended Illness Status but on May 17, 2010 he specifically asked Defendant "in the unlikely event that a six month continuance is not approved, please initiate a Reasonable Accommodation Process at this time." Six months was requested because of the extraordinary amount of time it had taken to receive medical treatment.

18. Plaintiff also asked to use his 300 hours of vacation time in order to extend the time of his employment which would have allowed him to have the necessary medical procedure and/or allowed him time for his health to

improve to the level where he could return to work. This was a good faith request since vacation time was never used since the accident occurred.

19. United was unresponsive to all of Plaintiff's requests for a reasonable accommodation.

20. Erik Stenberg, Plaintiff's union representative, stated that he and the company were in agreement that due to Plaintiff's age, he was better off retired. Plaintiff understood Mr. Stenberg to be referring to Mark Vicary, a labor relations employee of United Airlines.

21. Mr. Andreuccetti was discharged from employment on June 17, 2010.

## Cause Of Action

## Count I – Violation Of The ADA

22. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21.

23. Plaintiff has a disability, occipital neuralgia, at the time he was terminated from employment. This disability began after his accident on Nov. 16, 2004.

24. Plaintiff's history of occipital neuralgia and his treatment constitute a "record of disability" as defined by the ADA.

25. At all relevant times, Defendant was aware of Plaintiff's disability.

26. Mr. Andreuccetti's disability causes him to experience pain in his neck, head and shoulders. His symptoms caused many major life activities to be affected including sleeping, walking, sitting and working.

27. Plaintiff would have been able to return to his job if his disability had been reasonably accommodated.

5

28. Defendant failed to reasonably accommodate Plaintiff's disability.

29. Plaintiff offered many options to Defendant about how he could be accommodated.

30. Plaintiff requested the use of the Job Accommodation Network (JAN) because they provide many accommodation recommendations for returning to work. This request was denied by Defendant.

31. Plaintiff requested that his Extended Illness Status be extended for a short and reasonably time in order to allow him to have a Cryoprobe performed. This medical procedure would have allowed Plaintiff to return to work by June 17, 2010. Defendant interfered with Plaintiff's treatment by cutting off his entitlement to medical care and thereby caused Plaintiff to not be able to return to work by June 17, 2010.

32. Plaintiff offered for United to have its choice of doctor perform a medical examination of Plaintiff to see what positions he could perform. Plaintiff sent Defendant his resume and was told by Sylvia Empen that his extensive experience and his education level (Master's Degree) would have enabled him to perform a number of different jobs with Defendant. Defendant never explored these options with Plaintiff.

33. Plaintiff also requested time for his condition to improve so he could return to work. On May 6, 2010 Plaintiff requested a six month extension of his Extended Illness Status. On May 17, 2010 Plaintiff specifically asked Defendant "in the unlikely event that a six month continuance is not approved, please initiate a Reasonable Accommodation Process at this time."

34. Plaintiff also asked to use his 300 hours of vacation time in order to extend the time of his employment which would have allowed him to have the necessary medical procedure and/or allowed him time for his health to improve to the level where he could return to work.

35. Defendant failed to engage in a dialogue with Plaintiff about any of these or other options.

36. Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by refusing to accommodate his disability and terminating him, despite knowing that the ADA required such accommodations.

37. The Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and inconvenience.

  **WHEREFORE,** the Plaintiff, Ilio Andreuccetti, respectfully prays that this Honorable Court enter judgment in his favor and against Defendant United Airlines as to this Count I of his complaint, granting him any and all equitable and monetary relief available to him as damages under the Americans with Disabilities Act, and its amendments, including but not limited to, reinstatement, back pay, front pay, compensatory damages, punitive damages and attorneys' fees and costs and prejudgment interest.

### Count II – Violation Of The ADEA

38. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-37.

39. At all times, Plaintiff performed all duties assigned to him in a professionally competent manner, faithfully followed all reasonable instructions given to him by his supervisors, and abided by all the rules and regulations of Defendant. United, in fact, stated that he was eligible for rehire.

40. Mr. Andreuccetti DOB is 9/11/50 and he is 62 years old.

41. Mr. Andreuccetti was injured on the job in 2004 when he was 54 years old.

42. Mr. Andreuccetti was informed by his union that the union and management thought he (Plaintiff) should just retire based on how old he was.

43. Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADEA by refusing to accommodate his disability and discharging him based on his age.

    WHEREFORE, the Plaintiff, Ilio Andreuccetti, respectfully prays that this Honorable Court enter judgment in his favor and against Defendant United Airlines as to this Count II of his complaint, granting him any and all equitable and monetary relief available to him as damages under the Age Discrimination in Employment Act, and its amendments, including but not limited to, reinstatement, back pay, front pay, compensatory damages, punitive damages and attorneys' fees and costs and prejudgment interest. Plaintiff requests a jury trial.

Dated: December 24, 2012

Respectfully submitted,

/s/ Renu Thamman
RENU THAMMAN
Ferron & Thamman
36 S. Wabash St.
Suite 1310
Chicago, IL 60603
(312) 422-0104
renu@ferronthamman.com